UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DE'LON JOSEPH ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:12-cv-00283-JMS-WGH |
| M. BOBO, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss or in the Alternative for Summary Judgment**

Plaintiff De'Lon Joseph Adams, an inmate of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Florence, Colorado, brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that defendants M. Bobo, W. Roberts, and Tyler used excessive force against him on November 12, 2010, while he was housed at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute") and that defendant Corey Pointer failed to provide him adequate medical care for his injuries. The defendants move to dismiss, or in the alternative for summary judgment, arguing that Adams failed to exhaust his available administrative remedies with respect to his claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA").

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to

the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Adams has responded to the defendants' motion, but has not provided the *Statement of Material Facts in Dispute* or any admissible evidence as required by Local Rule 56-1. By not responding properly and with evidentiary materials, Adams has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(e), of which Adams was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Discussion

A. *Undisputed Facts*

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts are presented in the light reasonably most favorable to Adams as the non-moving party with respect to the motion for summary judgment.

The BOP promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is required to first address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate

receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issues properly raised therein.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.16. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook, which is provided to all inmates upon initial intake at FCC Terre Haute.

Adams alleges in his complaint that defendants M. Bobo, W. Roberts, Tyler, exercised excessive force against him on November 12, 2010, and that defendant Nurse Corey Pointer failed to properly treat his injuries. Adams submitted several administrative remedy requests at FCC Terre Haute after this incident. Some of these requests are appeals of decisions made by the Discipline Hearing Officer and some related to a "missing book" or "book issues." Two requests are potentially related to the incident alleged in the complaint: one submitted on January 14, 2011, related to "staff misconduct," and one submitted on March 2, 2011, claiming "assaulted by staff."

The January 14, 2011, remedy request claiming "staff misconduct" was given number 622577-F1. Adams submitted it at the Institution (BP-9) and Regional level (BP-10), number 622577-R1, but did not appeal it further to the General Counsel.

With respect to his March 2, 2011 remedy, Adams filed a sensitive BP-10 at the Regional level, number 629492-R1. This remedy was rejected on March 7, 2011, because Adams did not first attempt informal resolution and did not file a BP-9 and because the matter was not deemed sensitive. On April 4, 2011, Adams filed remedy number 629492-A1 making the same allegations. This request was rejected on April 7, 2011, because he submitted it to the wrong level. Adams did not submit any other remedy requests with respect to this remedy number.

B. *Analysis*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. This includes claims, like Adams' claim here, of a singular incident of excessive force. *See Smith v. Zachary*, 255 F.3d 446, 451-52 (7th Cir. 2001). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, while Adams submitted administrative remedy requests apparently regarding the incident alleged in the Complaint, he did not pursue any of these remedy requests through each level as required by the BOP. Although Adams asserts that he filed all required remedy requests with regard to administrative remedy request 622577-R1, he provides no admissible evidence to support this assertion. Further, it is undisputed that there is no record in the BOP's database that remedy request 622577-R1 was filed with the General Counsel as required. Because he failed to submit his remedy requests in the place and time required by the BOP, he has failed to exhaust his available administrative remedies. *See Dale*, 376 F.3d at 655.

Adams further argues that regardless of whether he exhausted his administrative remedies as required by the BOP, he satisfied the exhaustion requirement by pursing his claims through

the administrative process for filing suit under the Federal Tort Claims Act ("FTCA"). Even if Adams has satisfied the requirements of the FTCA, this does not fulfill the exhaustion requirement of the PLRA. *See Macias v. Zenk*, 495 F.3d 37, 44 (2nd Cir. 2007) (Notice of a claim alone is not sufficient to exhaust administrative remedies); *see also Dale*, 376 F.3d at 655 ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'").

It is undisputed that Adams did not fully exhaust his available administrative remedies as required by the PLRA. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Adams' claims should not have been brought and must now be dismissed without prejudice. *See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendants' motion for summary judgment [dkt. 21] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/05/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

De'Leon Joseph Adams
Reg. No. 04193-036
Florence High USP
P.O. Box 7000
Florence, CO 81226

All electronically registered counsel

Case 2:12-cv-00283-JMS-WGH   Document 40   Filed 08/05/13   Page 6 of 6 PageID #: 184